## Fishman et ux. v. Martin

*H. Brenner*, for plaintiff.

*H. L. Clark*, for defendant.

LEVINTHAL, J., December 2, 1948.—Defendant filed preliminary objections in the nature of a demurrer to plaintiffs' amended complaint in trespass. It is alleged by plaintiffs that they were induced to purchase a cigar and candy store from a third person in reliance upon false and fraudulent representations of defendant to the effect that he was the agent of the owner of the premises in which the store was located and that he was duly authorized to approve an assignment to plaintiffs of the vendor's interest as lessee in the lease to the premises.

Subsequent to the purchase of the business and the assignment of the lease, the lessor notified plaintiffs that defendant was not his agent and had not been authorized to approve the assignment of the lease. Thereupon, plaintiffs were compelled to purchase the

building in order to retain the business of the store which they had purchased from the lessee.

Attached to the amended complaint is a copy of the lease, which clearly and unequivocally provides that no assignment or sublease would be valid without the written consent of the lessor.

The general rules of law applicable to a case of this kind are set forth in A. L. I. Restatement of the Law of Torts, §§537 and 541:

"The recipient of a fraudulent misrepresentation in a business transaction can recover against its maker for harm caused by his reliance upon it if, but only if, his reliance is justifiable."

"The recipient in a business transaction of a fraudulent misrepresentation is not justified in relying upon its truth if its falsity is obvious."

The complaint did not allege either that plaintiffs had no opportunity to examine the lease or that they were prevented from examining it. In view of the failure of plaintiffs to discover the obvious falsity of defendant's misrepresentation, their reliance upon it is not justifiable.

A case almost identical in its facts is that of Arthur et al. v. Brawner et al., 174 Ga. 477, 163 S. E. 604. It was there held that the complaint was demurrable for failing to disclose any emergency or condition authorizing plaintiffs to rely upon the false representations without themselves examining the lease assigned, since, if they had an opportunity to do so, and did not avail themselves thereof, they were not entitled to complain of the deception which they alleged was practiced upon them.

Defendant's preliminary objections are sustained. Since plaintiffs have already filed two amended complaints, no further leave to amend their pleadings need be granted.